## Bick & Glann v. Collins & Martly.

1. *Verdict—Justified by the Evidence.*—Where the evidence justifies the verdict, a judgment rendered upon it will be affirmed.

**Memorandum.**—Action for breach of contract. Appeal from the Circuit Court of Knox County; the Hon. ARTHUR A. SMITH, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed December 12, 1893.

The statement of facts is contained in the opinion of the court.

FORREST F. COOKE, attorney for appellants.

M. J. DOUGHERTY and WILLIAMS, LAWRENCE & WILLIAMS, attorneys for appellees.

OPINION OF THE COURT, CARTWRIGHT, J.

Appellees were sub-contractors under appellants for cutting the stone required to curb certain streets in the city of Galesburg, in pursuance of the purposes of an original contract between appellants and the city. This suit was brought by appellees to recover a balance due on their contract, and also for damages claimed on account of failure of appellants to furnish stone as fast as required for the work, and on account of stone furnished being of a harder kind than was stipulated by the contract, causing extra work in cutting, and for re-dressing stone damaged by appellants. A trial resulted in a verdict and judgment for the appellees for $600.

The questions presented to this court are, whether the specifications of the original contract as to the kind of stone to be used, were properly admitted in evidence, and whether the evidence supports the verdict.

The parties to this contract understood that the stone to be cut was the stone to be furnished by appellants for curbing under their contract with the city. There was evidence

that one of the appellants told appellees what kind of stone it would be, and also sent them to the city engineer, who said it was to be Berea sandstone, from Cleveland Stone Co. Before agreeing upon a price for cutting, appellees cut some of the stone furnished under the contract, on Boone's avenue, and that stone was of the designated kind. The price was fixed from the character of that stone, which was furnished in pursuance of the specifications, and they were properly admitted in connection with the other evidence on the question of the kind of stone to be furnished for cutting.

It is admitted that there was due to appellees $336.69, under the contract; but it is claimed as to the excess above that sum that the verdict is not sustained by the evidence. It appears that part of the stone furnished was known as Malone stone, and that it was much harder to cut than the stone which was to be furnished. It was somewhat cheaper than that of the Cleveland Stone Co. There was evidence that appellees made complaint of the character of the stone, and that one of the appellants said that it was from Cleveland Stone Co.; that appellees continued to cut it, but that stone cutters who were working by the foot would not cut it, and if required to do so would leave. Finally stone was furnished that was called North Amherst stone, which was so rough and hard to cut that appellees quit the work. It was claimed that the Malone stone came from Berea, Ohio, and was such stone as appellees were to cut, but we think that the evidence showed that it was not such stone as appellants were bound to furnish. There was a conflict in the evidence as to whether appellees were to receive $1.50 or $2 for cutting corner stones, and the difference on that point amounted to $57. Appellants contend that everything except that item was settled by the parties and that no other claim should have been considered. There was an attempt to adjust their differences, but when that question was reached there was a disagreement, and the attempted settlement came to an end. The other matters in controversy in the suit had not then been mentioned, but no

settlement was effected and in our opinion nothing was done which would bar them. We think that the evidence justified the verdict, and the judgment will be affirmed.

The abstract furnished by appellants did not present the evidence in the record sufficiently for a fair understanding of the merits of the case, and appellees furnished an additional abstract, the cost of which will be taxed to appellants. Judgment affirmed.